UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: ANTOINETTE CYNTHIA METHENEY,                    No. 15-10408-j7

      Debtor.

_____

ESTATE OF HAROLD G. JOHNSON
(Co-Personal Representatives Eric C. Johnson
and Harold G. Johnson, Jr.),

      Plaintiff,

      v.                                                    Adversary No. 15-1025 J

ANTOINETTE CYNTHIA METHENEY,

      Defendant.

## MEMORANDUM OPINION AND ORDER ON DEFENDANT'S MOTION TO DISMISS

Eric C. Johnson, co-personal representative and property manager for the Estate of Harold G. Johnson (the "Personal Representative") initiated this adversary proceeding on March 17, 2015. *See* Docket No. 1. Instead of filing an answer, Defendant Antoinette Cynthia Metheney, by and through her attorney of record, Sean Patrick Thomas, filed a Motion to Dismiss, asserting, among other things, that the Personal Representative cannot prosecute this adversary proceeding on behalf of the Estate of Harold G. Johnson (the "Johnson Estate") because he is not a licensed attorney. *See* Motion to Dismiss – Docket No. 4. The Court agrees. The Court will, however, give the Personal Representative an opportunity to retain counsel to represent the Plaintiff.

Individuals acting on behalf of their own interests may represent themselves in a court proceeding, *pro se* — such self-representation does not constitute the unauthorized practice of

law.[1]  However, individuals may not represent themselves *pro se* in a court proceeding when they are acting as fiduciaries for the benefit of others.  *Lee v. Catron,* 145 N.M. 573, 574, 203 P.3d 104, 105 (Ct. App. 2008) ("Where one is acting as a fiduciary for the benefit of others, he may not present arguments to a court pro se.")(citation omitted).  Such self-representation would constitute the unauthorized practice of law.  *Id.*  In *Catron*, the New Mexico Court of Appeals held that the trustee of a trust could not represent himself as trustee *pro se* before the court because the trustee acts as a fiduciary for the benefit of others.  *Id*.  The same holds true for a personal representative of a probate estate.

Personal representatives are fiduciaries and act for the benefit of those entitled to a distribution from the estate.  *See* N.M.S.A. 1978 § 45-3-703(A) ("A personal representative is a fiduciary . . ."); *Gardner v. Gholson (In re Estate of Gardner),* 114 N.M. 793, 801, 845 P.2d 1247, 1255 (Ct.App. 1992)(stating that the personal representative of the probate estate has "a duty to distribute the estate in accordance with the will and New Mexico law 'consistent with the best interests of the estate' and 'for the best interests of successors to the estate.'")(quoting N.M.S.A. 1978 § 45-3-703(A)).  Personal representatives acting as fiduciaries for the benefit of others may not, therefore, represent themselves *pro se* in a court proceeding, at least outside of probate proceedings.[2]  Similarly, if the probate estate itself is the proper plaintiff, the personal representatives may not represent the probate estate before this Court *pro se*.

An individual cannot represent himself in court as a fiduciary for the benefit of another, or represent an entity, without counsel, even where a statute authorizes the individual to bring a

---

[1]*See Chisholm v. Rueckhaus*, 124 N.M. 255, 258, 948 P.2d 707, 710 (Ct.App. 1997)(stating that "[r]epresenting one's self in a legal proceeding does not constitute 'the practice of law[,]' . . . . [but] [r]epresenting another, however, does.")(citations omitted).
[2] *Cf. In re Marriage of Kanefsky*, 260 P.3d 327, 331 (Colo.App. 2010)(observing that a conservator, executor, or personal representative who is not licensed to practice law may not appear pro se on behalf of the estate on matters outside of the probate proceeding)(citations omitted).

lawsuit on behalf of another. *See Martinez v. Roscoe,* 131 N.M. 137, 139, 33 P.3d 887, 889 (Ct.App. 2001)(explaining that the New Mexico statute allowing an authorized member of a limited liability company to bring a suit in the company's name "provides a mechanism for determining who may make a decision on behalf of the company to bring a lawsuit. It does not allow a member who is not a licensed attorney to provide legal representation for the company."). *See also, Chisholm,* 124 N.M. at 257, 948 P.2d at 709 ("The authority to represent another as a party does not equal the authority to practice law on [that party's] behalf.")(citation omitted).

The Personal Representative has not represented to the Court that he is a licensed attorney. Further, the manner of signature on the complaint and on a document entitled Debtor's Joint Tenancy suggests that the Personal Representative is not an attorney. *See* Docket Nos. 1 and 9. He may not, therefore, represent himself as the Co-personal Representative of the Johnson Estate, nor may he represent the Johnson Estate, *pro se,* to prosecute this action.

Defendant also asserted as part of her Motion to Dismiss that the complaint is deficient inasmuch as it does not identify a Bankruptcy Code section in support of the relief requested. The Court agrees that the complaint must specify the section or sections of the Bankruptcy Code upon which the claims are based. Should the Personal Representative retain counsel to represent the Plaintiff in this adversary proceeding, the Plaintiff must amend the complaint to identify the section or sections of the Bankruptcy Code upon which the claims are based.

WHEREFORE, IT IS HEREBY ORDERED, that the Motion to Dismiss will be held in abeyance through **September 14, 2015** to give the Personal Representative an opportunity to retain counsel to represent the Plaintiff in this adversary proceeding.

ORDERED FURTHER, that if no attorney has entered an appearance on behalf of the Plaintiff by **Monday, September 14, 2015**, the Court will enter an order dismissing this adversary proceeding without prejudice.[3]

ORDERED FINALLY, that if an attorney timely enters an appearance on behalf of the Plaintiff, the deadline to file an amended complaint specifying the section or sections of the Bankruptcy Code upon which the claims raised in this adversary proceeding are based is **Monday, September 28, 2015.** The deadline for Defendant to file an answer or other responsive pleading to a timely filed amended complaint is **Thursday, October 15, 2015.** If Plaintiff otherwise seeks to amend the complaint, Plaintiff must file a motion to amend.

A continued scheduling conference will be held on **Thursday, October 29, 2015 at 9:30 a.m.**, in the Judge's Hearing Room, thirteenth floor, Dennis Chavez Federal Building and United States Courthouse, 500 Gold Ave. SW, Albuquerque, New Mexico. Counsel may appear by telephone at the scheduling conference by making arrangements with chambers by email (jacobvitzstaff@nmcourt.fed.us) or by telephone (505-348-2545) at least one business day prior to the date of the scheduling conference.

                                                            */s/ Robert H. Jacobvitz*
                                                             ROBERT H. JACOBVITZ
                                                             United States Bankruptcy Judge

Date entered on docket: August 3, 2015

---

[3] Fed.R.Bankr.P. 4004(a) and Fed.R.Bankr.P. 4007(c) fix a deadline of 60 days after the first date set for the meeting of creditors within which to file a complaint objecting to discharge or objecting to the dischargeability of a particular debt in connection with a debtor's bankruptcy case. The sixty-day deadline in Defendant Antoinette Cynthia Metheney's bankruptcy case expired on May 29, 2015.

COPY TO:

Estate of Harold G. Johnson
c/o Eric C. Johnson
5044 Martin Place NW
Albuquerque, NM 87114

Sean Patrick Thomas
Attorney for Defendant
601 Marble Ave. NW
Albuquerque, NM 87102